UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PHILLIP WILLIAM LOS'E, | ) | 1:10-cv-00643 AWI MJS HC |
| | ) | |
| Petitioner, | ) | ORDER SUMMARILY DISMISSING |
| | ) | PETITION FOR WRIT OF HABEAS |
| v. | ) | CORPUS |
| | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| J.D. HARTLEY, | ) | TO ENTER JUDGMENT AND CLOSE CASE |
| | ) | |
| Respondent. | ) | ORDER DECLINING ISSUANCE OF |
| | ) | CERTIFICATE OF APPEALABILITY |
| _____ | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 31, 2010, Petitioner filed the instant petition for writ of habeas corpus. Petitioner challenges the California court decisions upholding a December 2, 2008, decision of the California Board of Parole Hearings. Petitioner claims the California courts unreasonably determined that there was some evidence he posed a current risk of danger to the public if released.

On January 24, 2011, the Supreme Court held that the liberty interest at issue in these parole cases is the interest in receiving parole when the California standards for parole have been met, and the "minimum procedures adequate for due process protection of that interest are those set forth in [Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)]." Swarthout v. Cooke, ___ U.S.___, ___ S. Ct. ___, 2011 U.S. LEXIS 1067, *7 (Jan. 24, 2011). *Swarthout* explained that no Supreme Court opinion "supports converting California's 'some evidence' rule into

a substantive federal requirement." Id. "Because the only federal right at issue is procedural, the relevant inquiry is what process [the Petitioner] received, not whether the state court decided the case correctly." Id. at *9; Smiley v. Hernandez, 2011 U.S. App. LEXIS 1943 (January 28, 2011). If a petitioner receives the minimal procedural requirements of *Greenholtz*, i.e. an opportunity to be heard and a statement of the reasons why parole was denied, then the federal Due Process Clause will have been satisfied and federal review ends. See Swarthout, 2011 U.S. LEXIS 1067 at *6-*7; Kutylo v. Vaughan, 2011 U.S. App. LEXIS 2503 (9th Cir. Feb. 8, 2011); Smiley, 2011 U.S. App. LEXIS 1943.

Here, Petitioner challenges only whether there exists in the record "some evidence" of his current dangerousness. As explained above, the Court cannot review such a claim. Swarthout, 2011 U.S. LEXIS 1067 at *7-*10. Because the petition does not present cognizable claims for relief, it will be summarily dismissed.

**Certificate of Appealability**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

U.S. District Court
E. D. California                                -2-

      (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that no reasonable jurist would find the Court's determination that Petitioner is not entitled to federal habeas corpus relief wrong or debatable, nor would a reasonable jurist find Petitioner deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

      Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is SUMMARILY DISMISSED with prejudice;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   February 15, 2011

CHIEF UNITED STATES DISTRICT JUDGE